**Salvador URIBE–ESPINOSA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–72993.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2010.[*]

Filed Dec. 13, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Salvador Uribe–Espinosa, pro se.

Kate Deboer Balaban, Esquire, Trial, Susan Houser, OIL, Robbin Kinmonth Blaya, Esquire, Trial, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, RYMER, and GRABER, Circuit Judges.

MEMORANDUM [**]

Salvador Uribe–Espinosa, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings and to reconsider its prior order. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

abuse of discretion the denial of a motion to reopen and reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005). We deny the petition for review.

The BIA acted within its discretion in denying Uribe–Espinosa's motion as untimely because it was filed nearly three years after the BIA's May 3, 2005, final removal order, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within 90 days of the entry of a final administrative order of removal); 8 C.F.R. § 1003.2(b)(2) (motion to reconsider must be filed within 30 days of the entry of a final administrative order of removal), and Uribe–Espinosa does not contend he is entitled to equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (deadline can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).